JAMES E. BROMLEY AND SAMUEL YEOMAN, TRUSTEES, ETC., APPELLANTS, *v.* HENRY REYNOLDS AND ELIAS ASPER, RESPONDENTS.

1. SECTION 19 OF THE SCHOOL LAWS CONSTRUED.—Section 19, Compiled Laws, section 607, seeks to divert a portion of the funds raised by taxation in one district, to another purpose, and is on that account invalid.

2. SPECIAL TAX CANNOT BE USED FOR GENERAL PURPOSES.—The legislature has no power to levy or authorize a municipality to levy a local tax for general purposes.

3. STATUTE WHEN ENTIRELY VOID.—Where the provisions of an invalid statute are dependent upon each other, the whole must be declared invalid.

Appeal from the Third Judicial District Court.
The facts appear in the opinion of the court.

*Bennett & Harkness,* for appellants.

By chapter 2 each school district is made a separate taxing district for school purposes, and the trustees are only author-

ized to assess and collect an equal tax on the property of the district, and for the sole purpose of maintaining schools in the district.

Section 19 is invalid, because it provides for a distribution of the district taxes to the schools of the county. Cooley on Taxation, 104, et seq.; Id. 110, 114; Cooley Con. Limitations, 493, 500; 65 Pa. St. 146.

The whole section is dependent, inseparably connected in substance and purpose, and the provision for paying the money to the county treasurer and drawing it on the order of the county superintendent, is only the means provided for the illegal distribution. Cooley on Con. Limitation, 176, 179.

Upon the admitted facts it was the duty of the defendant, Reynolds, to pay the money to the trustees, without reference to who was entitled to it, and he cannot set up the title of a third person or party. *Placer Co.* v. *Austin*, 8 Cal. 303.

*Tilford & Hagan*, for respondents, cited sections 591, 594, 596 and 607 of Compiled Laws of Utah.

EMERSON, J., delivered the opinion of the court:

The plaintiffs and the defendant, Asper, are trustees of Echo school district in Summit County. Asper is made defendant under the code, because of his refusal to join with the others in bringing this suit, but no personal judgment is asked against him.

The defendant, Reynolds, is the collector of said school district.

The complaint sets up the organization of the school district under the laws of the Territory; that they have held school district meetings; elected and maintained officers, and by said officers levied and collected school district taxes; provided and furnished a school-house and maintained schools. That the Union Pacific Railroad runs through said district; that in the year 1877 a school district tax was duly levied and assessed on the taxable property of said school district, and

James E. Bromley et al. v. Henry Reynolds et al.

among other taxes levied and assessed the said trustees duly levied and assessed a school district tax of $1,279.80 to be collected for the school purposes of said district on the Union Pacific Railroad Company, for and in respect of its railroad and other property situate in said school district. That the defendant, Henry Reynolds, was appointed collector of taxes for said school district by the trustees thereof for the year 1877, and that he accepted said appointment, and that the trustees delivered to him for collection, the warrant and tax list of all said school district taxes, assessed for said district for said year, and among other taxes, said list included, and the warrant required the collection of said tax against said railroad company, and the said defendant, Reynolds, received said list and warrant, accepted and entered upon the duty of collecting the said taxes, and undertook to collect and pay over the same to the trustees of said school district, for the use of said district; that said defendant, Reynolds, as such collector, and by virtue of said tax list and warrant, did collect said taxes, and among other taxes so collected, he in the year 1877, collected and received by virtue of said list and warrant, from the railroad company, to the use of the trustees of said district, the said sum of $1,279.80; that of said sum so received by the said Reynolds, he paid over to the trustees the sum of $639.90 less his fees and charges for collecting the same, and retains and refuses to pay to said trustees the balance amounting to the sum of $639.90. This suit was brought to recover this amount, less his costs and charges for collecting the same.

The complaint was not verified, and the answer consisted of a general denial.

A jury trial was waived, and the case was tried by the court, upon the following agreed state of facts, viz.:

" That defendant Reynolds did collect the amount of $639.90 on the account stated in the complaint in the year 1877, but paid the same over to the treasurer of Summit County, prior to any demand made upon him, and prior to the commencement of this suit, and the same is yet in the hands of the

county treasurer, and is not under the control of the defendant, Reynolds.

"Defendant, Reynolds, was county collector at the time he collected the tax. The tax levied in the year 1877, was the annual school tax for that year for school purposes. No order has ever been demanded from or drawn by the school superintendent of said county, for the payment to plaintiffs of said amount mentioned in the complaint. The allegations of fact in the complaint, and the above additional facts, are all admitted and are the whole facts of the case, and the case may be heard thereon."

The defendants recovered judgment, and the plaintiffs appeal to this court, and the assignment of error is that on the agreed facts the plaintiffs should have had judgment.

The following are all the sections of the school law as it existed when this tax was levied and collected, which it is claimed are applicable to this case:

"(590) Sec. 2. In each school district, there shall be three school trustees, who shall be elected by the qualified voters resident in the district."    *    *    *

The balance of the section refers to this qualification and term of office.

"(591) Sec. 3. The trustees shall provide suitable school-houses, and keep the same in repair, employ teachers, and furnish fuel, maps, charts, and other suitable articles for school purposes, and may at their option collect tuition fees. They are also hereby empowered to assess and collect annually, a tax of one-fourth of one per cent. on all taxable property within their district, for school purposes, and shall have power to remit taxes, to prescribe the manner in which schools shall be conducted, to establish out-houses, play-grounds and other appurtenances.

"(592) Sec. 4. Whenever more than one-fourth of one per cent. per annum shall be necessary to purchase, build, repair or furnish school-houses, or for other school purposes, an estimate of the approximate cost thereof shall be made by the

trustees, and the rate per cent. may be increased to any sum not exceeding three per cent. per annum, as shall be decided by a two-thirds majority-vote of the qualified voters resident in the district, present at a meeting called for that purpose: *Provided*, that except by virtue of the annual tax of one-fourth of one per cent. provided for in section three in this act, the property of non-residents shall not be liable to tax for the payment of teachers.

"(594) Sec. 6. The trustees shall have power to appoint a clerk, an assessor, collector and treasurer and prescribe their qualifications.

"(596) Sec. 8. The collector shall pay all moneys or property received on taxes to the trustees, or to the treasurer as the trustees may direct." * * *

The balance of this section points out the mode of enforcing the collection of these taxes. After various other provisions, none of which are applicable to this case, the act provides by

"(607) Sec. 19. The annual school tax levied upon any railroad company in this Territory, shall be reported to the county collectors in the respective counties, and be by them collected at the same time and in the same manner as prescribed for the collection of Territorial and county taxes, and the amount thereof shall be paid into the county treasury, to be drawn by the trustees according to the school population of the several districts, upon the order of the county superintendent: *Provided*, such collectors shall receive for their services at the rate of three dollars per day for the time spent in collecting said tax."

By the provisions of this law, each school district is made a separate taxing district for school purposes in that district. The funds in question were raised by a tax duly levied and assessed by the trustees of Echo school district, for the sole purpose of maintaining schools in that district. The trustees have no power to raise taxes in their respective districts for any other purpose. It is a local tax for a local purpose. Section 19 seeks to divert a portion of that tax or the funds raised

34

therefrom to another purpose, and to distribute them in other taxing districts, and is we think on that account invalid. It is in effect requiring the levying of a local tax for a general purpose. The following remarks by SHARSWOOD, J., in *Hammett* v. *Phila-delphia*, 65 Penn. St. 146, are applicable to this case: "There is no case to be found in this State, nor, as I believe, after a thorough research, in any other, with limitations in the constitution, or without them, in which it has been held that the legislature, by virtue merely of its general powers, can levy or authorize a municipality to levy a local tax for general purposes."

To carry out the provisions of section 19 the inhabitants of Echo school district must be assessed a larger amount for the reason that a part of the funds so raised is to be diverted to the use of other districts, and to that extent relieves the burdens upon the inhabitants of those districts. Either this increased taxation must be the result, or the individual patrons of the school in Echo district would be required to pay larger tuition fees to meet the ordinary expenses of the district, and in either case the provision is obnoxious to all the objections against appropriating of private property for private purposes, which can exist in any other case.

" A State purpose must be accomplished by State taxation, a County purpose by County taxation, or a public purpose for any inferior district, by taxation of such district. This is not only just, *but it is essential.*" Cooley on Taxation, p. 105.

But it is claimed by the respondents that if that portion of the section which requires the distribution of the money arising from the assessment of any railroad in a school district, to all the school districts of the county in proportion to the school population, is invalid, yet that portion which requires the funds thus raised to be paid to the county treasurer is valid, and that although the district, or the trustees, may in the end be entitled to them, yet they cannot be recovered in this action. In other words that the defendant, Reynolds, has

done his duty as required by law, and the trustees have no cause of action against him.

For the reasons given and because the entire section is dependent, we think the whole section is invalid. It is true that one portion of a section of a law may be invalid and another valid, and the invalid portion may not vitiate the whole. This is so when the provisions are not connected with each other, and are not dependent upon each other. Cooley Const. Lim. p. 178.

The sole object of the legislature in the passage of section 19, was to compel the distribution of the money raised by the trustees of any school district, by its annual tax, upon any railroad running through the district, to all the school districts in the respective counties in proportion to the school population. No other object or thought could have been present on their minds. All the other provisions of the section are but a means to this end. They subserve no other purpose whatever, and were it not to accomplish this purpose they would not have been enacted. Such being the case it is our plain duty to hold the whole section invalid. Cooley Const. Lim. p. 179.

A subsequent legislature has repealed this obnoxious section, so that no further trouble will arise in attempts to enforce its provisions.

With this section eliminated from the statute, there can be no doubt about the plaintiff's right to recover upon the facts as agreed to.

The judgment of the Third District Court is reversed and the cause is remanded with instructions to that court to render judgment in favor of the plaintiffs, and against the defendant, Reynolds, upon the facts as agreed to, in accordance with the prayer of the complaint.

HUNTER, C. J., and BOREMAN, J., concur.