John **TENNANT**, individually, and as County Treasurer of Sweetwater County, State of Wyoming, Appellant (Defendant below),

v.

**SINCLAIR OIL AND GAS COMPANY**, a Corporation, Appellee (Plaintiff below).

No. 2990.

Supreme Court of Wyoming.

Oct. 11, 1960.

Norman B. Gray, Atty. Gen., and W. M. Haight, Deputy Atty. Gen., amicus curiae, by Joe R. Wilmetti, Co. and Pros. Atty. of Sweetwater County, Rock Springs, for appellant.

Ellery, Hickey, Rooney & Walton, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

Sinclair Oil and Gas Company, a corporation, brought this action against the county treasurer of Sweetwater County, Wyoming, to enjoin the collection of the so-called County High School Fund created by Ch. 158, S.L. of Wyoming, 1959, and declare that Act to be in violation of the constitutional requirement of uniformity of taxation. The trial court declared the Act unconstitutional and from that holding the county treasurer has appealed. No brief was filed on behalf of the county treasurer except a brief by the attorney general of this state appearing as amicus curiae. This brief was adopted by the county attorney.

Ch. 158, supra, is, as stated in the enacting clause, "An Act to provide for a 'County High School Fund'; directing the levy and assessment of a tax and providing for the disbursement of claims against the fund; the paying over of remaining funds to the county school fund." Section 1 of the Act provides that the term "nonhigh school district" means a school district which does not operate a high school or which is not a component part of a high

school district. Section 2 of the Act provides in part as follows:

"It shall be the duty of the county commissioners of each county in this State to levy an annual tax of five (5) mills on the dollar of the taxable value of all taxable property within a school district which does not operate a high school or is not a component part of a high school district * * *. This tax shall be collected at the same time and in the same manner as other taxes for school purposes and shall be segregated by the county treasurer into a fund designated as the 'County High School Fund'. The county treasurer shall be the custodian of such Fund."

Section 3 provides for the payment out of the foregoing fund of expenses of a non-high school district consisting of the cost of transportation, tuition and maintenance of the students attending high school in Wyoming or students living in Wyoming and attending high school in an adjacent state. Section 5 provides:

"After all ·certified claims for the school year have been paid from the Fund, the amount remaining in the Fund shall be distributed among the districts in the county proportional to the total number of high school classroom units in each district. All monies received by a district operating a high school from any County High School Fund shall be counted as 'Tuition Received' in Foundation Program determinations."

The facts, as shown by the pleadings herein, the testimony taken and the finding of facts by the trial court, are substantially as follows: The Board of County Commissioners of the County of Sweetwater in 1959 levied a tax of 33.335 mills against the property in the county. This levy included state taxes, county taxes and a special school levy. In addition thereto a levy of five mills was made for the County High School Fund as provided by Ch. 158, supra, and it is that particular levy which is at-

tacked herein, and which directly affects the levy in School District No. 25 of Sweetwater County, Wyoming. The total assessed valuation in School District No. 25 aforesaid was $13,551,555. Substantially all of that is the assessed valuation against the plaintiff herein, namely in the amount of $13,375,580. A levy of five mills on the total assessed valuation of this district would amount approximately to $67,757. The plaintiff has paid the sum of $378,-997.05 which constitutes the taxes due under the levy made by the county excepting the five mills for the County High School Fund as above mentioned.

District No. 25, involved herein, has schools which educate the children of the district from the first to the eighth grade but it does not maintain any high school in the district. It has approximately eleven students. The nearest high school is in Rawlins, Wyoming, and for some years School District No. 25 has sent its students to Rawlins for the purpose of a high school education in accordance with an agreement between the district and School District No. 3 in Carbon County, Wyoming. To send high school students to a high school in Sweetwater County is not feasible on account of the distance. The total cost to the district to educate high school students in Rawlins, Wyoming, is approximately $10,000 a year. Hence, a five mill levy for the County High School Fund would raise an amount in excess of that to be used for necessary expenditures of the district in the sum of approximately $57,-000. District No. 25 would receive no ben-·efit whatever, according to the record herein, of this sum of approximately $57,000 and that sum would be raised for the benefit of other school districts in Sweetwater County, Wyoming. The question, accordingly, in this case is as to whether or not the tax levy in District No. 25 can be raised in whole or in part for the benefit of other school districts.

■ Art. 1, § 28, of our constitution provides that all taxation shall be equal and uniform. Section 34 of the same article provides that all laws of a general nature

shall have a uniform operation. Art. 3, § 27, provides that the legislature shall not pass any special law for the assessment or collection of taxes. Art. 15, § 11, provides for a uniform assessment of taxation. School District No. 25 of Sweetwater County is a distinct and separate taxing district. It is permitted by § 21–115, W.S. 1957, to make provision for the levy of a tax distinctly designed for its own purposes. In the case of Arnold v. Hopkins, 203 Cal. 553, 265 P. 223, 228, the court stated:

"* * * it is a sound principle of taxation, and one wholly in accord with the fundamental maxims of popular government, which prescribes that, in so far as practicable, the benefits of taxation should be directly received by those who are most directly concerned in bearing the burdens of taxation. * * *"

That is a principle uniformly applied by the courts from the early times of this country. In 51 Am.Jur. Taxation § 402, it is stated:

"It is not sufficient that a tax be levied for a public use; it must be levied for the use of the public of the district taxed. * * *

"* * * It is clear that one taxing district, whether state, county, municipality, or district established for the particular purpose, cannot be taxed for the benefit of another district. One state cannot raise money by taxation to be expended for the benefit of the people of another state. Moreover, the people of a particular municipality cannot be taxed for a public purpose inuring equally to the benefit of the people of the whole state, and a municipal corporation cannot be compelled to turn over a portion of its funds to the county in which it is situated in order to pay the expense of a county function. Nor can the people of one municipality be taxed for the benefit of the people of another municipality * * *."

There can hardly be any misunderstanding in connection with the rule so stated. See also 85 C.J.S. Taxation § 1057 b, p. 647. As long ago as 1876 Cooley, Taxation, 1st ed., p. 105, stated in part as follows:

"* * * A state purpose must be accomplished by state taxation, a county purpose by county taxation, or a public purpose for any inferior district by taxation of such district. This is not only just, but it is essential. To any extent that one man is compelled to pay in order to relieve others of a public burden properly resting upon them, his property is taken for private purposes, as plainly and as palpably as it would be if appropriated to the payment of the debts or the discharge of obligations, which the person thus relieved by his payments might owe to private parties. * * *"

And in Cooley, Taxation, 4th ed., pp. 663–665, it is stated:

"A state cannot tax itself for the benefit of the people of another state. So the imposing a tax on one municipality or part of the state, for the purpose of benefiting another municipality or part, violates the rule as to uniformity. * * * Thus, one county cannot be taxed solely or in part for the benefit of another. * * *"

A great number of authorities are cited. In City of Dallas v. Love, Tex.Civ.App., 23 S.W.2d 431 (affirmed Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20), the same principle was applied. In that case the statute provided that the high school students of one district were permitted to attend high school in another district, paying a tuition not to exceed $7.50 per month. The court held that this limitation was unconstitutional. The court stated in part at 23 S.W.2d 433:

"* * * The school authorities of the school chosen by the student are given no voice in the matter, but are compelled to furnish necessary facilities and teaching service, and this without regard to its actual costs, or

the adequacy of facilities provided for the accommodation of resident students."

A full discussion of the principle here mentioned is contained in the case of Peterson v. Hancock, 155 Neb. 801, 54 N.W.2d 85. The case perhaps closest in point herein is Bromley v. Reynolds, 2 Utah 525. In that case the Echo School District levied a certain tax but it was provided by statute that part of this tax, namely that existing against the Union Pacific Railroad Company, could be diverted to the county and not for the specific benefit of the Echo School District. The court held that this provision thus diverting part of the tax was unconstitutional. The court, in deciding the case, stated as follows at pages 529, 530:

"By the provisions of this law, each school district is made a separate taxing district for school purposes in that district. The funds in question were raised by a tax duly levied and assessed by the trustees of Echo school district, for the sole purpose of maintaining schools in that district. The trustees have no power to raise taxes in their respective districts for any other purpose. It is a local tax for a local purpose. Section 19 seeks to divert a portion of that tax or the funds raised therefrom to another purpose, and to distribute them in other taxing districts, and is we think on that account invalid. It is in effect requiring the levying of a local tax for a general purpose. The following remarks by Sharswood, J., in Hammett v. Philadelphia, 65 Penn.St. 146, are applicable to this case: 'There is no case to be found in this State, nor, as I believe, after a thorough research, in any other, with limitations in the constitution, or without them, in which it has been held that the legislature, by virtue merely of its general powers, can levy or authorize a municipality to levy a local tax for general purposes.'

"To carry out the provisions of section 19 the inhabitants of Echo school district must be assessed a larger amount for the reason that a part of the funds so raised is to be diverted to the use of other districts, and to that extent relieves the burdens upon the inhabitants of those districts. Either this increased taxation must be the result, or the individual patrons of the school in Echo district would be required to pay larger tuition fees to meet the ordinary expenses of the district, and in either case the provision is obnoxious to all the objections against appropriating of private property for private purposes, which can exist in any other case."

Counsel for the state cite us to School Dist. No. 2 in Teton County v. Jackson-Wilson High School Dist. in Teton County, 49 Wyo. 115, 52 P.2d 673, wherein this court held that a school district could be required to provide a high school education for its pupils. The case is not in point. We did not in that case hold that a school district could be required to furnish a high school education for pupils of another district. Counsel for the state further contend that the question here involved is a matter of equal distribution of the money levied upon School District No. 25 and that equal distribution is not necessary. That merely means that a tax raised and levied in a particular taxing district need not necessarily be distributed equally in that district, provided, however, that the tax is uniformly laid over the whole taxing district. See 51 Am.Jur. Taxation § 406. Completely equal distribution in a taxing district is probably seldom attained. Take, for instance, a school district in which part of the money is used for tuition of high school students. The benefit of that tax is necessarily limited to a portion of the people of the district. The county tax raised for road purposes is, in most instances in any event, necessarily used in only a portion of a county. In Fenton v. Board of Com'rs of Ada County, 20 Idaho 392, 119 P. 41, cited to us by the state's counsel, a county tax was levied for school purposes but the tax was levied uniformly

throughout the county. In Miller v. Korns, 107 Ohio St. 287, 140 N.E. 773, the state levied a tax for school purposes but did not distribute it equally to every school district in the state. However, the tax was levied uniformly throughout the state. No property escaped taxation for that purpose. In Scandrett v. Shoshone County, 63 Idaho 46, 116 P.2d 225, a statute attempted to levy a tax for school purposes which had an effect similar to that in the case at bar. Though two of the judges dissented, the tax was held to be invalid.

Briefly we might say this: The State of Wyoming should not levy a tax to benefit the State of Nebraska; the City of Sheridan should not levy a tax for the benefit of the City of Cheyenne or vice versa; and the County of Goshen in this state should not levy a tax for the benefit of the County of Laramie or vice versa. It would be wholly and completely illogical to say that a different rule should be applied to a school district which is a separate taxing district. It is quite clear that the statute in question here is unconstitutional and in violation of the provisions for uniformity of taxation in this state. The judgment of the District Court of Sweetwater County should accordingly be, and is hereby affirmed.

Affirmed.